AO 241 (Rev. 09/17)

2008 08-03983-9

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court L | District: EASTERN DISTRICT OF WASHINGTON | |
|---|---|---|
| Name (under which you were convicted): STEVEN J. SNEDDEN | | Docket or Case No.: 2:23-cv-00156-RMP |
| Place of Confinement : SPOKANE COUNTY | Prisoner No.: 300378 | |
| Petitioner (include the name under which you were convicted) STEVEN J. SNEDDEN | Respondent (authorized person having custody of petitioner) v. SPOKANE COUNTY SUPERIOR COURT/ WASHINGTON STATE D.O.C. | |
| The Attorney General of the State of: Washington | | |

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

5/24/23

SEAN F. McAVOY, CLERK

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

Spokane County Superior Court
1116 W. Broadway Ave.
Spokane, WA 99201

(b) Criminal docket or case number (if you know):    08-1-03983-9

2.    (a) Date of the judgment of conviction (if you know):    June 2010

(b) Date of sentencing:    September 9th 2610

3.    Length of sentence: 12 months with 12 month s.m. enhancement/ 36 months community custody.

4.    In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☑ No

5.    Identify all crimes of which you were convicted and sentenced in this case:    Unranked felony indecent exposure w/ sexual motivation.

6.    (a) What was your plea? (Check one)

|  | (1) | Not guilty |  | (3) | Nolo contendere (no contest) |
|---|---|---|---|---|---|
| ☑ | (2) | Guilty |  | (4) | Insanity plea |

AO 241
(Rev. 09/17)

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original to the Clerk of the United States District Court at this address:

     **United States District Court**
     **Eastern District of Washington**
     **PO BOX 1493**
     **Spokane, WA  99210-1493**

     If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☑ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.  Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:   Division III Court of Appeals

(b) Docket or case number (if you know):

(c) Result:   affirmed trial court's ruling

(d) Date of result (if you know):   March 14, 2012

(e) Citation to the case (if you know):   State v. Snedden, 166 Wn. App. 541, 544-45, 271 P.3d 298 (2012)

(f) Grounds raised:   The trial court could only impose one year of community custody per Washington statute regarding unranked felonies.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

2

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☐ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result: _____

3

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:   ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    The trial could not have imposed a 12 month sexual motivation enhancement and 36 month term of community custody on the indecent exposure thus there can be no burglary conviction.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

State law only allowed a one year term of community custody on an unranked Felony crime like indecent exposure and the three year term of community custody could not have been imposed without the imposition of an unlawful 12 month sexual motivation sentence enhancement. (see enclosed brief).

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

5

## I. ISSUES PRESENTED FOR REVIEW

Is the Petitioner "in custody" for the purpose of filing a habeas corpus action in Spokane County Superior Court Case No. 08-1-03983-9, if not does it matter in a challenge involving a statute that is unconstitutional on its face and the imposition of a 12 month sexual motivation sentence enhancement and 36 month term of community custody on the Petitioner's 2010 conviction for unranked felony indecent exposure erroneous and is it a fundamental defect in the sentence which inherently results in a complete miscarriage of justice thus overcoming the one year time-bar for filing a habeas corpus action?

## II. RESPONSE TO ORDER

The Petitioner meets the in custody requirement for filing a habeas corpus action on his 2010 conviction for unranked felony indecent exposure w/sexual motivation.

The Petitioner asserts that he is still "in custody" for his 2010 conviction for indecent exposure w/ sexual motivation because it is a sex offense and his prior conviction for second degree burglary w/sexual motivation in 2007 enhanced the requirement to register as a sex offender from 10 years to life. This Court is authorized to entertain petitions for habeas relief from a state court judgement only when the petitioner is "in custody" in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A petitioner is "in custody" for purposes of habeas relief when on parole or supervised release. see Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (explaining that a paroled habeas petitioner is still in custody because he is confined by the parole order to a particular community, house, and job at the sufference of his parole officer, among other restrictions, and "must live in constant fear that a single deviation, however slight, might be enough to result in his being returned to prison").

The Petitioner asserts that because of the prior conviction for a sex offense in 2007 and the 2010 conviction for indecent exposure (which qualifies as a sex offense if it is committed for sexual motivation), he is required to register as a sex offender for the rest of his life. As a condition of his sex offender registeration requirements the Petitioner cannot leave Spokane County without first informing his parole officer of his intended destination. Therefore, if he wishes to move from Spokane County the Petitioner must inform his parole officer which city, county, or state he wishes to reside in, and when he gets there he has to register as a sex offender in 24 hours. The Petitioner asserts that the sex offender registration requirement for life is a parole order of his sentence he received for his 2010 conviction for indecent exposure w/sexual motivation and not merely a collateral consequence

8. 7

of it. No longer is the Petitioner free to move about the county, or state, or community for that matter, as he so chooses but rather he is limited to the areas he can frequent resulting from his requirement to register. Even a slight deviation from his requirements to register will result in the Petitioner being returned to prison on charges of failure to register as a sex offender. Thus, the Petitioner meets the in custody requirement for habeas relief under "Cunningham" and he can bring about this petition.

~~THE ARGUEMENT FOR PETITIONER NUMBER~~

The erroneous 12 month sexual motivation enhancement and 36 month term of community custody imposed on the indecent exposure is a fundamental defect in the sentence which inherently results in a complete miscarriage of justice, and this permits a collateral ~~attack~~ attack on the conviction. Also collateral attacks are permitted on Constitutionally invalid judgements, and statutes and a petitioner may be exempt from the ~~~~ in custody requirement

The Petitioner asserts that in petitions for habeas relief under either 28 U.S.C. § 2255 or 2254 there are exceptions to the one year time-bar for filing them. As in the case of nonconstitutional claim the error that renders a conviction or sentence otherwise subject to collateral attack must also constitute [] a fundamental defect which inherently results in a complete miscarriage of justice. Reed v. Farley, 512 U.S. 339, 354 (1994), Hill v. U.S. 368 U.S. 424, 428 (1962). The Petitioner reiterates his arguement that the erroneous imposition of a 12 month sexual motivation enhancement and 36 month term of community custody is a perfect exemple of a fundamental defect which inherenty resulted in a complete miscarriage and is open to a collateral attack.

8

A.                              ERRONEOUS SENTENCE

~~III. ARGUEMENT FOR ~~ ARGUEMENT FOR ~~RANDOM~~ 

ENHANCEMENT

THE TRIAL COURT LACKED AUTHORITY IN THE 2008
MATTER TO IMPOSE A ONE-YEAR SEXUAL
MOTIVATION ENHANCEMENT IN CONJUNCTION
WITH AN UNRANKED FELONY CONVICTION FOR
INDECENT EXPOSURE

RCW 9.94A.533's plain language prohibits the
imposition of sentencing enhancements on unranked
felonies, as Division Three has repeatedly held

Section 533 of the SRA provides several sentence enhancements,

including the enhancement based on sexual motivation at issue here. RCW

9.94A.533 (8).[5] The sentence enhancement provisions of section 533 "apply

to the standard sentence ranges determined by RCW 9.94A.510 or

9.94A.517."    RCW 9.94A.533(1).    Former RCW 9.94A.510 (2002)[6]

contained a sentencing grid to determine sentencing ranges based on the

intersection of a defendant's offender score and the crime's seriousness level.

Former RCW 9.94A.517 (2002)[7] contained a simpler sentencing grid for drug

offenses. If there is no standard sentence range determined by the former

---

[5] RCW 9.94A.533 (8) has remained substantively unchanged since Snedden was
sentenced on the 2008 matter. Compare RCW 9.94A.533(8) with former RCW
9.94A.533(8) (2008), amended by LAWS OF 2009, ch. 141 § 2. Therefore, Snedden
will cite the current version of the statute in his analysis. Unless otherwise noted
below, Snedden cites the versions of other sentencing statutes in effect at the time
the crimes were committed.  See State v. Schmidt, 143 Wn.2d 658, 673-74, 23
P.3d 462 (2001).

[6] Amended by LAWS OF 2014, ch. 130. § 1.

[7] Amended by LAWS OF 2013, 2d Spec. Sess., ch. 14, § 1.

versions of either RCW 9.94A.510 or RCW 9.94A.517, then the enhancement provisions of RCW 9.94A.533 do not apply. RCW 9.94A.533(1).

The Petitioner's conviction was for indecent exposure (RCW 9A.88.010) to a person older than 14 years of age at a library on Eastern Washington University's campus. Indecent exposure to person older than 13 years is not a ranked felony because it contains no seriousness level. See former RCW 9.94A.515 (2008) ("Indecent Exposure to Person Under Age Fourteen (subsequent sex offense)" carries a seriousness level of IV but no seriousness level provided for indecent exposure to someone older than 13), amended by LAWS OF 2010, ch. 227, § 9; State v. Steen, 155 Wn. App. 242, 248-49, 228 P.3d 1285 (2010) ("Because Steen's criminal conduct did not include exposure to a person under 14 years of age, the trial court erred and should have sentenced him based on the 0–12 month range for unranked crimes . . . ."). Because the P's crime of indecent exposure contains no seriousness level, no standard sentence range can be determined under former RCW 9.94A.510 or former RCW 9.94A.517. The P's indecent exposure is therefore an unranked felony.

When interpreting a statute, 'if the statute's meaning is plain on its face, then the court must give effect to that plain as an expression of legislative intent.' 

'All words must be read in the context of the statute in

which they appear, not in isolation."

The Division III C.O.A undertook a sound and authoritative interpretation of RCW 9.94A.533 based on its plain, unmistakable language:

> Reading all subsections of RCW 9.94A.533 in the context of the statute, we conclude that the statute does not apply to unranked offenses. Subsection (1) of the statute exists for one reason: to define the scope of the statute's application. It limits that scope to "standard sentence ranges determined by RCW 9.94A.510 or 9.94A.517." "Under expressio unius est exclusio alterius, a canon of statutory construction, to express one thing in a statute implies the exclusion of the other. Omissions are deemed to be exclusions." In re Det. of Williams, 147 Wn.2d 476, 491, 55 P.3d 597 (2002) (citation omitted).

State v. Soto, 177 Wn. App. 706, 309 P.3d 596 (2013), as amended Jan. 14, 2014; accord State v. Vasquez, 200 Wn. App. 220, 225-28, 402 P.3d 276 (2017) (reaffirming Soto despite the State's request to depart from it), review denied, 189 Wn.2d 1040, 409 P.3d 1070 (2018); State v. Rainford, 86 Wn. App. 431, 441 n.6, 936 P.2d 1210 (1997) (possession of controlled substance by prisoners "is an unranked felony . . . and is not subject to enhancement for possession within a correctional facility under" RCW 9.94A.533(5)(c)).

As Soto makes clear, RCW 9.94A.533 (1)'s plain language limits the scope of the statute to felonies with seriousness levels that can be sentenced per the grids in RCW 9.94A.510 or RCW 9.94A.517. The P's unranked felony conviction of indecent exposure cannot be sentenced per the grids and

therefore falls clearly outside RCW 9.94A.533's ambit. The trial court therefore had no authority to impose a sexual motivation sentence enhancement of one year under RCW 9.94A.533(8)(a)(iii).

The State argued below and the trial court agreed that RCW 9.94A.533(8)(c) provided authority to impose the sexual motivation enhancement.                              RCW 9.94A.533(8)(c) states, "The sexual motivation enhancements in this subsection apply to all felonies." The trial court ruled that this provision meant that "all felonies with a sexual motivation finding are subject to adjustment, including unranked felonies" and that "the inclusion of the words all felonies plainly includes all felony crimes regardless of whether a standard range has been designated or it is unranked."

The Soto decision confirms that the State and trial court were mistaken: "By giving subsection (1) of the statute its plain meaning, we do not render the references to 'all felonies' elsewhere in the statute meaningless: they are rationally understood to extend the sentencing enhancement to all felonies falling with in the scope of the statute as defined by subsection (1)." Soto, 177 Wn. App. at 714-15. The same argument rejected in Soto must be rejected here. RCW 9.94A.533 (8)(c)'s reference to "all felonies" means that the sexual motivation enhancement applies to all felonies encompassed in the scope of RCW 9.94A.533(1), i.e., those felonies for which a standard sentence

range can be calculated based on a seriousness level. the P's unranked indecent exposure conviction contains no seriousness level and therefore no standard sentence range can be calculated. No sentence enhancement enumerated in RCW 9.94A.533 could apply.

The State might argue that the legislature committed a drafting error in excluding unranked felonies from RCW 9.94A.533's scope, as it argued in Soto. 177 Wn. App. at 715-16. This argument should be rejected for the same reasons stated in Soto. First, appellate courts "cannot amend an exclusive list of sentencing ranges subject to enhancement with others we believe the legislature omitted; our Supreme Court has reminded us of its '"long history of restraint in compensating for legislative omissions."'" Soto, 177 Wn. App. at 714 (quoting In re Postsentence Review of Leach, 161 Wn.2d 180, 185-86, 163 P.3d 782 (2007) (quoting State v. Taylor, 97 Wn.2d 724, 728, 649 P.2d 633 (1982)). Second, "[a]ppellate courts do not supply omitted language even when the legislature's omission is clearly inadvertent, unless the omission renders the statute irrational" because "'[t]o do so would [be] to arrogate to ourselves the power to make legislative schemes more perfect, more comprehensive and more consistent.'"

The Petitioner asserts that his due process rights guaranteed by the U.S. Constitution were violated where he could not have lawfully agreed to sentence enhancement that the trial court lacked authority to impose. Thus, the Petitioner could not have intelligently and Knowingly plead guilty as reflected by his direct appeal. Boykin v. Alabama, 395 U.S. 238 (1969). U.S. Const. Amend. XIV.

Because the enhancements enumerated in RCW 9.94A.533, including the sexual motivation enhancements of RCW 9.94A.533(8), do not apply to unranked felonies such as indecent exposure, the one-year sexual motivation enhancement imposed against ~~Snedden~~ the P in the 2008 matter "was unauthorized and void" and must be stricken from the P's judgment and sentence. Soto, 177 Wn. App. at 716.

B. ARGUEMENT FOR TIME-BAR

The absence of statutory authority to impose the sexual motivation enhancement renders Snedden's judgment and sentence facially invalid, thereby overcoming the one-year time bar on collateral attack

'No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the sentence is valid on its face and was rendered by a court of competent jurisdiction." A judgment and sentence is invalid on its face, and therefore falls outside the one-year time bar, "where a court has in fact exceeded its statutory authority in entering the judgment or sentence. Furthermore, a judgement that is unconstitutional because of Boykin violations is not time-barred and must be vacated and a judgement and sentence based on a statute that is unconstitutional on its face cannot be upheld and may be attacked anytime because it cannot be enforced in a subsequent crime.

The touchstone of an invalid judgment and sentence is the trial court exceeding its authority. To truly exceed authority, the trial court must exceed its substantive authority under a statute rather than merely fail to comply with the proper procedure. Furthermore, a judgement that was obtained unconstitutionelly must be set aside (Constitutional challenges pursuant to Beykin). The P's motion attacking the sexual motivation sentence enhancement in the 2008 was filed after one year, (judgment becomes final on the "date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction"); (mandate dated March 14, 2012). However, the imposition of the sexual motivation enhancement exceeded the trial court's substantive authority under RCW 9.94A.533 because the P's indecent exposure conviction was an unranked felony, as noted. This renders the P's judgment and sentence facially invalid and thereby allows him to overcome the one-year time bar on collateral attacks. Sentencing errors of this magnitude are a fundamentel defect which results in a complete misearriage of justice, Hill v. U.S, 368 U.S 424, 428 sentence facially invalid when trial court lacked authority to impose sentence enhancement. Boykin violations are not barred. Thus, No time bar precludes the P's claims. Furthermore, if the Court finds that the sentence enhancement statute is unconstitutional on its face when used on unranked felonies the Petitioner need not worry about the in custody requirements because it is a preventive measure,

15

COMMUNITY CUSTODY

C. ARGUEMENT FOR ERRONEOUS [illegible]

2. WITHOUT THE ONE-YEAR SEXUAL MOTIVATION ENHANCEMENT IMPOSED IN THE 2008 MATTER, THE TRIAL COURT HAD SENTENCING AUTHORITY TO IMPOSE ONLY A ONE-YEAR TERM OF CONFINEMENT AND THEREFORE ONLY A ONE-YEAR TERM OF COMMUNITY CUSTODY

a. Only one year of community custody was authorized under pertinent statutes when the trial court was authorized to impose only up to one year of confinement

Because it lacked authority to impose a sexual motivation sentence enhancement, the trial court had authority to impose only up to one year of total confinement for the P's unranked felony offense of indecent exposure. Former RCW 9.94A.505(2)(b) (2006),[8] which was in effect when Snedden committed the 2008 crime, provided, "If a standard sentence range has not been established for the offender's crime, the court shall impose a determinate sentence which may include not more than one year of confinement . . . ." As noted above, no standard sentence range was established for indecent exposure convictions; indecent exposure to a person over the age of 13 is an unranked felony. Steen, 155 Wn. App. at 248-49. Thus, one year was the maximum amount of time authorized by former RCW 9.94A.505(2)(b) for the P's 2008 crime.

Former RCW 9.94A.505(2)(b) also limits the term of community custody: "If a standard sentence range has not been established for the

---

[8] Amended by LAWS OF 2008, ch. 231, § 25.

offender's crime, the court shall impose . . . a term of community custody not to exceed one year . . . ." Thus, per former RCW 9.94A.505(2)(b), a one-year term of community custody and a one-year term of confinement was all that was authorized.

The P. acknowledges this court's decision in his direct appeal from the 2008 matter, State v. Snedden, 166 Wn. App. 541, 271 P.3d 298 (2012). There, this court held that 2008 amendments to the SRA allowed a 36-month term of community custody to be imposed. Id. at 544-45. However, the decision in Snedden was predicated on the unchallenged assumption that the trial court properly imposed a sexual motivation sentencing enhancement. Id. at 542 ("the State argued because the court was imposing a sentence in excess of one year on a sex offense [due to the sentence enhancement], the appropriate term of community custody was 36 months"). The trial court lacked authority to impose the sexual motivation sentencing enhancement. Part C.1.a supra. Therefore, as discussed in the following paragraphs, the Snedden decision neither controls nor forecloses the P's current claim.

The Snedden court determined that 2008 amendments to the SRA applied by operation of RCW 10.01.040[9] and allowed the trial court to impose

---

[9] RCW 10.01.040 provides in pertinent part,

> Whenever any criminal or penal statute shall be amended or repealed, all offenses committed . . . while it was in force shall be punished or enforced as if it were in force, notwithstanding such

a three-year community custody term.   <u>Snedden</u>, 166 Wn. App. at 544

(discussing new statute RCW 9.94A.701); LAWS OF 2008, ch. 231, § 7

(codified at RCW 9.94A.701).  Under this then new provision, if an offender

was sentenced to "[a] sex offense not sentenced under RCW 9.94A.712," the

trial court "shall impose a term of community custody established under

[former] RCW 9.94A.850 (2005), [<u>repealed by</u> LAWS OF 2011, 1st Spec. Sess.,

ch. 40, § 39] . . . ."[10]  Because of the sexual motivation finding, ~~the his~~

conviction of indecent ~~liberties~~ exposure qualified as a sex offense for sentencing

purposes.             (sexual motivation finding in judgment and sentence);

former RCW 9.94A.030(46)(c) (2008) ("Sex offense" means . . . "A felony

with a finding of sexual motivation under RCW 9.94A.835 . . . ."), <u>amended</u>

<u>by</u> LAWS OF 2009, ch. 28, § 4.  At the time, former RCW 9.94A.850(5) merely

empowered the sentencing guidelines commission to recommend community

---

amendment or repeal, unless a contrary intention is expressly
declared in the amendment or repealing act.

The <u>Snedden</u> court pointed to 2008 session laws that stated that courts were "'to
apply the provisions of the current community custody law to offenders sentenced
after July 1, 2009, but who committed their crime prior to August 1, 2009, to the
extent that such application is constitutionally permissible.'" 166 Wn. App. at 544
(quoting LAWS OF 2008, ch. 231, § 6).  Because "Mr. Snedden fit[ted] into this
category and ma[d]e[] no argument that the application of the current statue is
constitutionally impermissible," the court determined the new 2008 amendments
applied to Snedden's sentencing. <u>Snedden</u>, 166 Wn. App. at 544.

[10] Former RCW 9.94A.850 had been most recently amended by Laws of 2005, ch.
282, § 19.

custody ranges.  The actual community custody ranges were contained in former WAC 437-20-010 (2007) and former WAC 437-20-010 (2008), which established a community custody range of 36 to 48 months for sex offenses. Thus, if the newly enacted RCW 9.94A.701 (Laws of 2008, ch. 231, § 7) applied to Snedden, the Snedden court was correct that a 36-month term of community custody was authorized.

But the Laws of 2008, ch. 231, § 7 did not apply.  The immediately following section—section 8—of the 2008 amendments was the provision that applied: "If an offender is sentenced to a term of confinement for one year or less for one of the following offenses, the court may impose up to one year of community custody: (a) A sex offense, other than failure to register under RCW 9A.44.130(1) . . . ."  LAWS OF 2008, ch. 231, § 8 (codified at RCW 9.94A.702).

As argued in Part C.1 above, the trial court was not authorized to impose a sentence enhancement for sexual motivation because indecent exposure is an unranked felony. Without the sentence enhancement, the trial court was statutorily authorized to impose only up to one year of confinement because the Pls felony was unranked.  Former RCW 9.94A.505(2)(b) (2006) ("If a standard sentence range has not been established for the offender's crime, the court shall impose a determinate sentence which may include not more than one year of confinement . . . ."); see also LAWS OF 2008,

ch. 231, § 25 (codified as amended at RCW 9.94A.505(2)(b)).  Under Laws

of 2008, ch. 231, § 8(1)(a), in turn, the trial court had authority to impose only

one year of community custody on ~~the~~ P , given he was only authorized to

be sentenced to one year of confinement.  In other words, the trial court's

erroneous imposition of the sexual motivation sentence enhancement led it to

further err by imposing more than a one-year term of community custody.[11]

Under the SRA at the time the P was sentenced, a one-year term of

community custody for sex offenses was all that was authorized given that

the P· was sentenced to only one year of confinement.  The trial court

therefore exceeded its statutory authority in imposing a 36-month community

custody term.  This term is therefore void and must be stricken.

D. ARGUEMENT FOR TIME-BAR

36.     Because the 36-month community custody term
exceeded the trial court's authority, the P's
judgment and sentence is facially invalid, which
overcomes the one-year time bar.

When the trial court exceeds its statutory authority in imposing a

sentence, it renders the judgment and sentence invalid on its face and therefore

overcomes the one-year limit on collateral attack.  Sentencing

errors are a fundamental defect which inherently

result in a complete miscarriage of justice. Hill v. U.S.

368 U.S 424, 428 (1962) and this overcomes the timebar.

---

[11] As noted, this error was not raised in Snedden's direct appeal, which is why the
Snedden court assumed that Snedden had correctly been sentenced to an additional
12-month term of confinement based on the sexual motivation sentence
enhancement. 166 Wn. App. at 542.

AO 241 (Rev. 09/17)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Personal Restraint Petition

Name and location of the court where the motion or petition was filed:   Division III Court of Appeals

500 N, Cedar Spokane, WA 99201

Docket or case number (if you know):   NO 35963-8-III consolidated w/ 35964-6-III

Date of the court's decision:   March 4, 2020

Result (attach a copy of the court's opinion or order, if available):   Dismissed as a mixed petition

because the Petitioner included a time-barred claim of ineffective assis-

tance of counsel.

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ N/A No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

21

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: The Personal Restraint Petition was transferred to the state Supreme Court where it was dismissed as mixed.

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes        ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes        ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

22

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                ☐  Yes      ☐  No

(4) Did you appeal from the denial of your motion or petition?           ☐  Yes      ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes      ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:** _____

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**

_____

_____

_____

_____

23

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

      (2) If you did not raise this issue in your direct appeal, explain why: _____

      _____

(d)    **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☐ Yes    ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: _____

      Name and location of the court where the motion or petition was filed: _____

      _____

      Docket or case number (if you know): _____

      Date of the court's decision: _____

      Result (attach a copy of the court's opinion or order, if available): _____

      _____

      (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

      (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed: _____

      _____

      Docket or case number (if you know): _____

      Date of the court's decision: _____

      Result (attach a copy of the court's opinion or order, if available): _____

      _____

      _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No | |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No | |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No | |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☑ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☑ Yes    ☐ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.    ~~Habeas~~ U.S- District/Court Eastern

District of Washington

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding: Kevin Marchi Nielsen and Koch Seattle, WA.

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

~~Federal~~ Sentencing errors ~~that~~ are a fundamental defect which result in a complete miscarriage of justice.

AO 241 (Rev. 09/17)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
           custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

           (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
                  of the time for seeking such review;

           (B)    the date on which the impediment to filing an application created by State action in violation of
                  the Constitution or laws of the United States is removed, if the applicant was prevented from
                  filing by such state action;

           (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                  if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                  cases on collateral review; or

           (D)    the date on which the factual predicate of the claim or claims presented could have been
                  discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     Strike the sexual motivation
enhancement and three year term of community custody from the 2010
conviction for unranked Felony indecent exposure,
or any other relief to which petitioner may be entitled. I accept review, the challenge to the cons-
titutional challenge to the invalidity of the sentence enhancement statute
when imposed on unranked felons. A statute that is unconstitutional on its
Face cannot be used on a subsequent conviction and may be attacked anytime.
with no in custody requirement,

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on      5/22/23      (date).

Steven J. Snedden

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

30